1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RODNEY KARL BLACKWELL,                    No.  2:20-cv-1755 DB P

12                   Plaintiff,

13         v.                                   ORDER

14   PATRICK COVELLO, Warden, et al.,

15                   Defendants.

16

17         Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18   U.S.C. § 1983.  Plaintiff claims defendants have failed to provide a safe prison environment in

19   violation of his Eighth Amendment rights.  Presently before the court is plaintiff's motion to

20   proceed in forma pauperis (ECF No. 3) and the complaint for screening (ECF No. 1).  For the

21   reasons set forth below, the court will grant the motion to proceed in forma pauperis and dismiss

22   the complaint with leave to amend.

23                            **IN FORMA PAUPERIS**

24         Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

25   1915(a).  (ECF No. 3.)  Accordingly, the request to proceed in forma pauperis will be granted.

26         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

27   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

28   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## SCREENING

### I.        Legal Standards – Screening

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

2

1   550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

2   allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S.

3   738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

4   doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

5           The Civil Rights Act under which this action was filed provides as follows:

6                   Every person who, under color of [state law] . . . subjects, or causes
                    to be subjected, any citizen of the United States . . . to the deprivation
7                   of any rights, privileges, or immunities secured by the Constitution .
                    . . shall be liable to the party injured in an action at law, suit in equity,
8                   or other proper proceeding for redress.

9   42 U.S.C. § 1983.  Here, the defendants must act under color of federal law.  <u>Bivens</u>, 403 U.S. at

10  389.  The statute requires that there be an actual connection or link between the

11  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u>

12  <u>Monell v. Dept. of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362

13  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

14  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

15  omits to perform an act which he is legally required to do that causes the deprivation of which

16  complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

17          Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

18  their employees under a theory of respondeat superior and, therefore, when a named defendant

19  holds a supervisorial position, the causal link between him and the claimed constitutional

20  violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979);

21  <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

22  concerning the involvement of official personnel in civil rights violations are not sufficient.  <u>See</u>

23  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

24  **II.      Allegations in the Complaint**

25          Plaintiff alleges the events giving rise to the claim occurred while he was incarcerated at

26  Mule Creek State Prison ("MCSP").  (ECF No. 1 at 1.)  He has identified MCSP Warden Covello

27  and the California Department of Corrections and Rehabilitation ("CDCR") as defendants in this

28  action.  (<u>Id.</u> at 2.)

1    Plaintiff claims that the CDCR and warden Covello have failed to provide a safe prison

2    environment in light of the COVID-19 pandemic.  Plaintiff alleges he is particularly vulnerable

3    because he is sixty years old and suffers from diabetes, kidney failure, and high blood pressure.

4    (Id. at 12-13.)  He claims that because he suffers from these medical conditions he should be

5    released immediately.  He further claims that defendants have not done enough to mitigate the

6    overcrowding in California prisons and have housed infected inmates around non-infected

7    inmates.  He alleges defendants have "chose to do nothing when the Governor ordered the release

8    of mass amounts of inmates."  (Id. at 13.)  Plaintiff seeks injunctive relief in the form of

9    immediate early release or monetary compensation.  (Id. at 15.)

10   **III.    Does the Complaint State a § 1983 Claim?**

11          **A.  Eighth Amendment**

12   The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S.

13   Const. amend. VIII.  The unnecessary and wanton infliction of pain constitutes cruel and unusual

14   punishment prohibited by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986);

15   Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).

16   Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy

17   and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited

18   by the Cruel and Unusual Punishments Clause."  Whitley, 475 U.S. at 319.

19   In addition, prison officials have a duty to ensure prisoners are provided adequate shelter,

20   food, clothing, sanitation, medical care, and personal safety.  Johnson v. Lewis, 217 F.3d 726,

21   731 (9th Cir. 2000) (quotation marks and citation omitted).  To plead an Eighth Amendment

22   claim, prisoners must allege facts sufficient to plausibly show that officials acted with deliberate

23   indifference to a substantial risk of harm to their health or safety.  Farmer v. Brennan, 511 U.S.

24   825, 847 (1994).

25   To prevail on a claim of cruel and unusual punishment a prisoner must allege and prove

26   that objectively he suffered a sufficiently serious deprivation and that subjectively prison officials

27   acted with deliberate indifference in allowing or causing the deprivation to occur.  Wilson v.

28   Seiter, 501 U.S. 294, 298-99 (1991).  The deliberate indifference standard involves an objective

4

1    and subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently

2    serious . . . ."  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S.

3    294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to

4    inmate health or safety . . . ."  Farmer, 511 U.S. at 837.  Thus, a prison official may be held liable

5    under the Eighth Amendment for denying humane conditions of confinement only if he knows

6    that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable

7    measures to abate it.  Id. at 837-45.

8          Plaintiff alleges that defendants have done "nothing" to protect him from contracting the

9    COVID-19 virus.  (ECF No. 1 at 13.)  However, the court takes judicial notice of materials on

10   CDCR's website that show CDCR's response to the pandemic. [1]  See

11   https://www.cdcr.ca.gov/covid19/covid-19-response-efforts/#CFC.

12         In light of judicially noticeable evidence showing CDCR's policies regarding its COVID-

13   19 response, the court finds that the complaint does not state a plausible Eighth Amendment

14   claim.  Specifically, the complaint fails to show that defendants have acted with deliberate

15   indifference to plaintiff's safety.  See George v. Diaz, No. 20-cv-3244-SI, 2020 WL 2542020, *3

16   (N.D. Cal. May 19, 2020) (finding plaintiff's allegation that prison officials had no plan to

17   prevent a COVID-19 outbreak did not state a plausible Eighth Amendment claim).  In any

18   amended complaint, plaintiff should state specific facts indicating how CDCR's response has

19   failed to protect him.  Additionally, plaintiff is instructed that if he names warden Covello, or any

20   other supervisory defendant, in an amended complaint, he must include specific allegations

21   showing the causal link between the named defendant and the claimed constitutional violation.

22   Ivey, 673 F.2d at 268.

23   ////

24   ////

25

26   [1] The court may take judicial notice of facts that are not subject to reasonable dispute because
     they are generally known or are capable of accurate and ready determination, including "public

27   records and government documents available from reliable sources on the Internet, such as
     websites run by government agencies."  Gerritsen v. Warner Bros. Entm't Inc., 112 F.Supp.3d

28   1011, 1033 (C.D. Cal. 2015) (internal quotations omitted); Fed. R. Evid. 201(b).

5

1

### B.  Equal Protection

2         Plaintiff argues that defendants' failure to release him from custody has violated his right

3   to equal protection under the law.  (ECF No. 1 at 19.)

4         The Equal Protection Clause requires that persons who are similarly situated be treated

5   alike.  City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985); Hartmann v. Calif.

6   Dept. of Corrs. and Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d

7   1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008).  State prison

8   inmates retain a right to equal protection of the laws guaranteed by the Fourteenth Amendment.

9   Walker v. Gomez, 370 F.3d 969, 974 (9th Cir. 2004) (citing Lee v. Washington, 390 U.S. 333,

10  334 (1968)).  An equal protection claim may be established by showing that defendants

11  intentionally discriminated against plaintiff based on his membership in a protected class,

12  Hartmann, 707 F.3d at 1123, or that similarly situated individuals were intentionally treated

13  differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Dept.

14  of Agriculture, 553 U.S. 591, 601-02 (2008).  Disability is not a suspect class for Equal Protection

15  purposes.  Pierce v. County of Orange, 526 F.3d 1190, 1225 (9th Cir. 2008).

16        Plaintiff has not explained in the complaint how he has been treated differently from other

17  inmates.  Accordingly, the court finds that the complaint does not state an equal protection claim.

18

### C.  Request for Release

19        Plaintiff argues that because defendants cannot protect him, he should be released from

20  custody.  (ECF No. 1 at 18.)  However, release from custody is not an available remedy for an

21  Eighth Amendment violation.  See Preiser v. Rodriguez, 411 U.S. 475, 489 (1973) ("Release

22  from custody is not an available remedy under the Civil Rights Act").  Plaintiff states he is

23  serving a sentence of 85 years-to-life and will be eligible for parole on November 23, 2073.  (ECF

24  No. 1 at 17.)  However, CDCR records indicate that plaintiff will be eligible for parole on June

25  2028 under California's Elderly Parole Program.[2]

26  _____

27  [2] The court may take judicial notice of information stored on the CDCR inmate locator website.
    See In re Yahoo Mail Litig., 7 F. Supp. 3d 1016, 1024 (N.D. Cal. 2014) (a court may take judicial

28  notice of information on "publicly accessible websites" not subject to reasonable dispute); Louis
    v. McCormick & Schmick Restaurant Corp., 460 F. Supp. 2d 1153, 1155 fn.4 (C.D. Cal. 2006)

1    To the extent plaintiff seeks release, he is informed that habeas is the "exclusive remedy"

2    for inmates who seek "'immediate or speedier release'" from confinement.  Skinner v. Switzer,

3    562 U.S. 521, 533-34 (2011) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)).

4    Additionally, plaintiff cannot contest a denial of parole or denial of a motion for compassionate

5    release in federal court.  Swarthout v. Cooke, 562 U.S. 216, 219-22 (2011) (a federal court's

6    review of a parole denial is limited to a determination regarding due process procedures rather

7    than whether the decision was correct); Ransom v. Adams, 313 Fed.Appx. 948, 949 (9th Cir.

8    2009) (affirming dismissal of petitioner's claim that he was entitled to compassionate release

9    because an assertion that state officials failed to follow state law "is not cognizable in federal

10   court).

11   **IV.     Amending the Complaint**

12   As stated above, the amended complaint fails to state a cognizable claim.  However,

13   plaintiff will be given the opportunity to amend the complaint.

14   Plaintiff is advised that in an amended complaint he must clearly identify each defendant

15   and the action that defendant took that violated his constitutional rights.  The court is not required

16   to review exhibits to determine what plaintiff's charging allegations are as to each named

17   defendant.  Each claim must be included in the body of the complaint.  The charging allegations

18   must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff

19   is presenting.  That said, plaintiff need not provide every detailed fact in support of his claims.

20   Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

21   Any amended complaint must show the federal court has jurisdiction, the action is brought

22   in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

23   contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

24   personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

25   Johnson, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if

26   he does an act, participates in another's act or omits to perform an act he is legally required to do

27   that causes the alleged deprivation).

28   _____

(court may take judicial notice of state agency records).

7

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely, and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  An amended complaint must be complete in itself without reference to any prior pleading.  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all prior pleadings are superseded.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

## CONCLUSION

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 3) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

////

4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."

5.  Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  December 30, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/CivilRights/blac1755.scrn