UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY KARL BLACKWELL,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK COVELLO, Warden, et al.,<br><br>Defendants. | No. 2:20-cv-1755 DB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendant has failed to provide a prison environment that protects inmates from contracting COVID-19. The court dismissed plaintiff's original complaint because he failed to allege sufficient facts to state a cognizable claim and sought relief that is unavailable in a § 1983 action. (ECF No. 6 at 5-7.) Presently before the court is plaintiff's amended complaint for screening. (ECF No. 9.) For the reasons set forth below, the court will dismiss the amended complaint with leave to amend.

**SCREENING**

**I.      Legal Standards – Screening**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims

1

1  that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
2  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
3  U.S.C. § 1915A(b)(1) & (2).
4      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
5  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
6  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
7  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
8  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
9  pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.
10 Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
11 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
12 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell
13 AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47
14 (1957)).
15     However, in order to survive dismissal for failure to state a claim a complaint must
16 contain more than "a formulaic recitation of the elements of a cause of action;" it must contain
17 factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,
18 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
19 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
20 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
21 doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
22     The Civil Rights Act under which this action was filed provides as follows:
23     Every person who, under color of [state law] . . . subjects, or causes
       to be subjected, any citizen of the United States . . . to the deprivation
24     of any rights, privileges, or immunities secured by the Constitution .
       . . shall be liable to the party injured in an action at law, suit in equity,
25     or other proper proceeding for redress.
26 42 U.S.C. § 1983.  Here, the defendants must act under color of federal law.  Bivens, 403 U.S. at
27 389.  The statute requires that there be an actual connection or link between the
28 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

2

1    Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

2    (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the

3    meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

4    omits to perform an act which he is legally required to do that causes the deprivation of which

5    complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

6        Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

7    their employees under a theory of respondeat superior and, therefore, when a named defendant

8    holds a supervisorial position, the causal link between him and the claimed constitutional

9    violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

10   Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations

11   concerning the involvement of official personnel in civil rights violations are not sufficient. See

12   Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

13       **II.**    **Allegations in the Complaint**

14       Plaintiff alleges the events giving rise to the claim occurred while he was incarcerated at

15   Mule Creek State Prison ("MCSP"). (ECF No. 6 at 1.) He has identified MCSP Warden Covello

16   and the California Department of Corrections and Rehabilitation ("CDCR") as defendants in this

17   action. (Id. at 2.)

18       Plaintiff claims warden Covello failed to provide "a safe and secure environment against a

19   mass contraction of COVID-19 infections with knowledge that there are inmates with preexisting

20   conditions." (Id. at 12.) Plaintiff insinuates that he filed an administrative grievance regarding

21   his preexisting medical conditions and his request for early release. Plaintiff alleges "notice was

22   given" the he suffers from "diabetes, kidney failure stage 3, high blood pressure acute, and heart

23   failure congestive." (Id.)

24       Plaintiff alleges MCSP issues a monthly newspaper and the December 2020 edition

25   contained a chart falsely stating that there were no COVID-19 cases at MCSP. (Id. at 13.)

26   Plaintiff alleges, "[f]or the most part the Defendant fail to adhere to the court's orders to release

27   some prisoners for overcrowdedness, but only brings more from other prisons." (Id. at 12.)

28

Plaintiff states that on an unspecified date he tested positive for COVID-19 and was placed with other infected inmates. (Id. at 13.) He alleges that as a result his "ear rings constantly on the right side" and his ability to taste and smell have "slightly subsided." (Id. at 12.) Plaintiff alleges defendant's failure to adequately protect him from becoming infected violated his rights. He further states that defendant is "deliberately hiding facts from the public that his staff has mass infected this prison and is guilty of deliberate indifference to the safety and security of plaintiff['s] health." (Id. at 13.)

Plaintiff argues that as a public entity "defendant" is required to "operate its policies at an official level of adequate control to quale deaths and or injury" to inmates. (Id. at 14.) He appears to allege that prison officials have allowed COVID-19 to spread through MCSP without care to whether inmates survive or not. Plaintiff also appears to allege that inmates who contract COVID-19 and recover will not be granted early release based on pre-existing medical conditions that put them at greater risk of death or serious illness. Plaintiff also alleges he does not know what his condition is now or what future health conditions he may have due to his contraction of COVID-19.

### III.     Does the Complaint State a § 1983 Claim?

#### A. Eighth Amendment

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

In addition, prison officials have a duty to ensure prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citation omitted). To plead an Eighth Amendment claim, prisoners must allege facts sufficient to plausibly show that officials acted with deliberate

4

indifference to a substantial risk of harm to their health or safety. Farmer v. Brennan, 511 U.S. 825, 847 (1994).

To prevail on a claim of cruel and unusual punishment a prisoner must allege and prove that objectively he suffered a sufficiently serious deprivation and that subjectively prison officials acted with deliberate indifference in allowing or causing the deprivation to occur. Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). The deliberate indifference standard involves an objective and subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45.

Upon screening the original complaint, the court advised plaintiff that if he named warden Covello as a defendant in an amended complaint he must include specific allegations showing the causal link between defendant Covello and the claimed constitutional violations. (ECF No. 6 at 5.) Plaintiff alleges that MCSP and/or Covello have failed to adequately control the spread of COVID-19 in the prison. However, while the complaint alleges a failure on the part of prison officials, he has not identified any specific action or inaction led to the harm suffered.

It is clear that COVID-19 poses a substantial risk of serious harm. See Plata v. Newsom, 445 F.Supp.3d 557, 559 (N.D. Cal. Apr. 17, 2020) ("[N]o one questions that [COVID-19] poses a substantial risk of serious harm" to prisoners.). However, in order to state a cognizable Eighth Amendment claim against the warden plaintiff must provide more than generalized allegations that the warden has not done enough to control the spread. See Booth v. Newsom, No. 2:20-cv-1562 AC P, 2020 WL 6741730, at *3 (E.D. Cal. Nov. 17, 2020).

**B. Eleventh Amendment**

The Eleventh Amendment bars any suit against a state or state agency absent a valid waiver or abrogation of its sovereign immunity. Seminole Tribe of Florida v. Florida, 517 U.S.

5

1  44, 54 (1996); Hans v. Louisiana, 134 U.S. 1, 10 (1890).  This immunity applies regardless of

2  whether a state or state agency is sued for damages or injunctive relief, Alabama v. Pugh, 438

3  U.S. 781, 782 (1978), and regardless of whether the plaintiff's claims arises under federal or state

4  law, Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 121 (1984).

5  　　　　　While Congress may validly abrogate a state's sovereign immunity by statute, the

6  Supreme Court has repeatedly emphasized that "§ 1983 was not intended to abrogate a State's

7  Eleventh Amendment immunity." Kentucky v. Graham, 473 U.S. 159, 169 n.17 (1985); accord

8  Quern v. Jordan, 440 U.S. 332, 342 (1979).

9  　　　　　Both the Ninth Circuit and the Supreme Court have recognized that the "State of

10 California has not waived its Eleventh Amendment immunity with respect to claims brought

11 under § 1983 in federal court." Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999);

12 see also Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985), superseded on other

13 grounds by statute, Rehabilitation Act Amendments of 1986, 42 U.S.C. § 2000d-7 (observing that

14 the California Constitution does not waive the state's Eleventh Amendment immunity).

15 　　　　　In the context of prisoner lawsuits against the CDCR, the Ninth Circuit has expressly and

16 repeatedly held that CDCR and prisons within CDCR are immune from suit under the Eleventh

17 Amendment.  See, e.g., Brown v. Cal. Dep't of Corrs., 554 F.3d 747, 752 (9th Cir. 2009) ("The

18 district court correctly held that the California Department of Corrections and the California

19 Board of Prison Terms were entitled to Eleventh Amendment immunity."); Fulcher v. Cal. Dep't

20 of Corrs., 297 Fed. App'x 645, 646 (9th Cir. 2008) ("[T]he California Department of Corrections

21 . . . is a state agency that is immune from liability under the Eleventh Amendment."); cf. Holley

22 v. Cal. Dep't of Corrs., 599 F.3d 1108, 1111-12 (9th Cir. 2010) (affirming dismissal of complaint

23 against CDCR because California had not constructively waived its sovereign immunity by

24 accepting federal funds).

25 　　　　　Plaintiff has sued CDCR seeking millions of dollars in damages.  (ECF No. 9 at 16.)

26 However, as set forth above, CDCR is immune from liability under the Eleventh Amendment.

27 CDCR should not be identified as a defendant in any amended complaint seeking damages.

28 ////

**C. Fourteenth Amendment**

Plaintiff has stated that his rights under the Fourteenth Amendment have been violated. (ECF No. 9 at 12-14.) However, he does not specify what rights, protected by the Fourteenth Amendment, were violated by the actions complained of by defendants.

"Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause, or if not yet convicted, under the Fourteenth Amendment's Due Process Clause." Castro v. County of Los Angeles, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (citing Bell v. Wolfish, 441 U.S. 520, 535 (1979)). The court presumes that because plaintiff is a state inmate and not a pretrial detainee that the Fourteenth Amendment standard is inapplicable.

The court notes that in the original complaint, plaintiff alleged his Fourteenth Amendment right to equal protection under the law was violated because he had not been released from custody. (ECF No. 1 at 12.) Plaintiff was advised that in order to state an equal protection claim he must allege facts showing that defendants intentionally discriminated against plaintiff based on his membership in a protected class, Hartmann v. Calif. Dep't of Corrs. and Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Dep't of Agriculture, 552 U.S. 591, 601-02 (2008). There are no facts in the amended complaint showing that plaintiff belongs to a protected class or that he was treated differently than other similarly situated inmates.

Because plaintiff has failed to indicate how his Fourteenth Amendment rights have been violated, the court finds he has failed to state a cognizable claim.

**D. Failure to Properly Identify Defendants**

Plaintiff is advised that a complaint is subject to dismissal if it cannot be determined who is being sued and for what relief. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). Plaintiff has identified both CDCR and warden Covello as defendants in this action. Throughout the body of the complaint he has used "defendant" and has not further indicated whether he is referring to CDCR or warden Covello. (ECF No. 9 at 12-14.) In any amended complaint,

1 plaintiff must clearly identify which wrongs were committed by which defendants. See
2 Fegbohungbe v. Caltrans, No. 13-cv-3801 WHO, 2014 WL 644008, at *3 n.4 (finding "[t]he
3 general allegation regarding 'defendants' is . . . insufficient on its face because it does not identify
4 which specific defendants" were responsible for the alleged harms); Chevalier v. Ray and Joan
5 Kroc Corps. Cmty. Ctr., No. C 11-4891 SBA, 2012 WL 2088819, at *2 (N.D. Cal. June 8, 2012)
6 (finding complaint failed to "identify which wrongs were committed by which Defendant"
7 insufficient to state a claim).

### IV.     Amending the Complaint

As stated above, the amended complaint fails to state a cognizable claim. However, plaintiff will be given the opportunity to amend the complaint.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. Each claim must be included in the body of the complaint. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely, and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**CONCLUSION**

1. Plaintiff's amended complaint (ECF No. 9) is dismissed with leave to amend.
2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint."

////

////

////

////

////

////

3. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: March 9, 2021

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/CivilRights/blac1755.scrn2