1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RODNEY KARL BLACKWELL,                    No.  2:20-cv-1755 DB P

12                 Plaintiff,

13         v.                                   ORDER

14    PATRICK COVELLO, Warden, et al.,

15                 Defendants.

16

17         Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights

18   action pursuant to 42 U.S.C. § 1983.  Plaintiff claims defendant has failed to provide a prison

19   environment that protects inmates from contracting COVID-19.  The court dismissed plaintiff's

20   original and first amended complaints for failure to state a cognizable claim.  (ECF No. 6 at 5-7;

21   ECF No. 10 at 5-8.)  Presently before the court is plaintiff's second amended complaint for

22   screening.  (ECF No. 12.)  For the reasons set forth below, the court will give plaintiff the option

23   to proceed with the complaint as screened or file an amended complaint.

24                                       **SCREENING**

25   **I.       Legal Standards – Screening**

26         The court is required to screen complaints brought by prisoners seeking relief against a

27   governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

28   1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

1

1    that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

2    granted, or that seek monetary relief from a defendant who is immune from such relief. <u>See</u> 28

3    U.S.C. § 1915A(b)(1) & (2).

4        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

5    <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th

6    Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

7    indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>,

8    490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

9    pleaded, has an arguable legal and factual basis. <u>See Franklin</u>, 745 F.2d at 1227.

10    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

11    statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

12    defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell</u>

13    <u>AtlanticCorp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47

14    (1957)).

15        However, in order to survive dismissal for failure to state a claim a complaint must

16    contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

17    factual allegations sufficient "to raise a right to relief above the speculative level." <u>Bell Atlantic</u>,

18    550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the

19    allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S.

20    738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

21    doubts in the plaintiff's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

22        The Civil Rights Act under which this action was filed provides as follows:

23
24            Every person who, under color of [state law] . . . subjects, or causes
           to be subjected, any citizen of the United States . . . to the deprivation
           of any rights, privileges, or immunities secured by the Constitution .
25            . . shall be liable to the party injured in an action at law, suit in equity,
           or other proper proceeding for redress.

26    42 U.S.C. § 1983. Here, the defendants must act under color of federal law. <u>Bivens</u>, 403 U.S. at

27    389. The statute requires that there be an actual connection or link between the

28    actions of the defendants and the deprivation alleged to have been suffered by plaintiff. <u>See</u>

1   Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

2   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

3   meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

4   omits to perform an act which he is legally required to do that causes the deprivation of which

5   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

6           Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

7   their employees under a theory of respondeat superior and, therefore, when a named defendant

8   holds a supervisorial position, the causal link between him and the claimed constitutional

9   violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

10  Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

11  concerning the involvement of official personnel in civil rights violations are not sufficient.  See

12  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

13      **II.     Allegations in the Complaint**

14          Plaintiff alleges the events giving rise to the claim occurred while he was incarcerated at

15  Mule Creek State Prison ("MCSP").  (ECF No. 12 at 1.)  He has identified MCSP correctional

16  captain N. Costa and correctional officer V. Vovkulin as defendants in this action.  (Id. at 2.)

17          Plaintiff alleges Costa allowed COVID-19 positive inmates to be housed on the C-Yard

18  gym from June through September 2020.  (Id. at 12.)  He alleges he tested positive for COVID-19

19  on December 12, 2020 because defendant failed to adequately control the spread and intentionally

20  caused plaintiff's infection.  He states Costa failed to properly enforce mask wearing by officers

21  allowed V. Vovkulin to come to work while he was COVID-19 positive.

22          Plaintiff alleges Vovkulin falsely stated plaintiff was disrespectful with potential for

23  violence and disruption in a rules violation report written on November 21, 2020.  (Id. at 14.)

24  Vovkulin came to plaintiff's cell and began to talk to plaintiff's cellmate.  Plaintiff asked what his

25  cellmate did to cause Vovkulin to come to plaintiff's cell.  Vovkulin did not have his mask on

26  properly.  Vovkulin told plaintiff he had been tested three times in the past two weeks, so he

27  could not be positive.  Plaintiff told Vovkulin that he suffers from underlying health conditions

28  and talking inside his cell without covering his mouth could cause plaintiff problems.

                                                     3

1      Plaintiff claims thereafter, Vovkulin conducted a cell search intended to harass plaintiff.

2   Plaintiff confronted Vovkulin after inmates informed him that Vovkulin searched his cell without

3   a mask over his mouth.  (Id. at 15.)  Plaintiff states that as of December 1, 2020, Vovkulin was

4   supposed to return to work following his regular days off, but he did not return until January 22,

5   2021.  (Id. at 16.)  Plaintiff alleges that he must have caught COVID-19 from Vovkulin because

6   he had been taking precautions to ensure he did not catch COVID-19.  (Id.)

7      **III.      Does the Complaint State a § 1983 Claim?**

8           **A.  Eighth Amendment**

9      The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S.

10   Const. amend. VIII.  The unnecessary and wanton infliction of pain constitutes cruel and unusual

11   punishment prohibited by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986);

12   Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).

13   Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy

14   and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited

15   by the Cruel and Unusual Punishments Clause."  Whitley, 475 U.S. at 319.

16      In addition, prison officials have a duty to ensure prisoners are provided adequate shelter,

17   food, clothing, sanitation, medical care, and personal safety.  Johnson v. Lewis, 217 F.3d 726,

18   731 (9th Cir. 2000) (quotation marks and citation omitted).  To plead an Eighth Amendment

19   claim, prisoners must allege facts sufficient to plausibly show that officials acted with deliberate

20   indifference to a substantial risk of harm to their health or safety.  Farmer v. Brennan, 511 U.S.

21   825, 847 (1994).

22      To prevail on a claim of cruel and unusual punishment a prisoner must allege and prove

23   that objectively he suffered a sufficiently serious deprivation and that subjectively prison officials

24   acted with deliberate indifference in allowing or causing the deprivation to occur.  Wilson v.

25   Seiter, 501 U.S. 294, 298-99 (1991).  The deliberate indifference standard involves an objective

26   and subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently

27   serious . . . ."  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S.

28   294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to

4

1    inmate health or safety . . . ." Farmer, 511 U.S. at 837.  Thus, a prison official may be held liable

2    under the Eighth Amendment for denying humane conditions of confinement only if he knows

3    that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable

4    measures to abate it.  Id. at 837-45.

5         It is clear that COVID-19 poses a substantial risk of serious harm.  See Plata v. Newsom,

6    445 F.Supp.3d 557, 559 (N.D. Cal. Apr. 17, 2020) ("[N]o one questions that [COVID-19] poses a

7    substantial risk of serious harm" to prisoners.).  Additionally, "the Centers for Disease Control

8    and Prevention ("CDC") recommends preventative measures preventative measures to decrease

9    transmission such as physical distancing, mask wearing, and increasing focus on personal hygiene

10   such as additional hand washing."  Wilson v. Williams, 961 F.3d 829, 833 (6th Cir. 2020).

11        Plaintiff alleges that Vovkulin knew he was COVID-19 positive and asymptomatic but

12   continued to come to work.  (Id. at 18.)  He has further alleged that Vovkulin entered plaintiff's

13   cell without a mask on and that plaintiff later tested positive for COVID-19.  (Id. at 12, 14, 18.)

14   The court finds such allegations indicate that Vovkulin was aware of a substantial risk to

15   plaintiff's health, potential for transmission of COVID-19, and failed to take reasonable

16   measures, wearing a mask in compliance with CDC recommendations, to prevent that risk.

17   Accordingly, the court finds such allegations sufficient to state a potentially cognizable Eighth

18   Amendment claim against this defendant.

19                    **B.  Supervisory Liability**

20        Under § 1983, liability may not be imposed on supervisory personnel for the actions'

21   omissions of their subordinates under the theory of respondeat superior.  Ashcroft v. Iqbal, 556

22   U.S. 662, 677 (2009); Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010);

23   Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930,

24   934 (9th Cir. 2004).  "A supervisory may be liable only if (1) he or she is personally involved in

25   the constitutional deprivation, or (2) there is 'a sufficient causal connection between the

26   supervisor's wrongful conduct and the constitutional violation.'"  Crowley v. Bannister, 734 F.3d

27   967, 977 (9th Cir. 2013) (citations omitted); Lemire v. California Dep't of Corr. and Rehab., 726

28   F.3d 1062, 1074-75 (9th Cir. 2013).  "Under the latter theory, supervisory liability exists even

                                   5

1  without overt personal participation in the offensive act if supervisory officials implemented a

2  policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving

3  force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d

4  642, 646 (9th Cir. 1989) (internal quotation marks omitted)).

5       Plaintiff's general allegation that Costa failed to control the spread of COVID-19 is

6  insufficient to state a claim.  See Booth v. Newsom, No. 2:20-cv-1562 AC P, 2020 WL 6741730,

7  at *3 (E.D. Cal. Nov. 17, 2020).  Plaintiff further alleges Costa failed to ensure the officers under

8  his supervision were wearing their masks properly.  An allegation that he failed to ensure that

9  officers were following policy, is not sufficient to show that Costa was personally involved in the

10  alleged rights violations.  Plaintiff has also alleged Costa allowed Vovkulin to come to work

11  while he had COVID-19.  However, he has failed to state facts showing Costa had knowledge

12  that Vovkulin had contracted or tested positive for COVID-19.  Accordingly, plaintiff has failed

13  to state a claim against Costa.

14                    **C.  Fourteenth Amendment**

15       Plaintiff has again stated that his rights under the Fourteenth Amendment have been

16  violated.  (ECF No. 12 at 12, 14.)  However, he does not specify what rights, protected by the

17  Fourteenth Amendment, were violated by the actions complained of by defendants.  Plaintiff was

18  advised in both of the prior screening orders of the standards for stating a claim under the

19  Fourteenth Amendment.  (ECF No. 6 at 6; ECF No. 10 at 7.)  As with the prior complaints,

20  plaintiffs has not alleged facts showing a violation of his rights under the Fourteenth Amendment.

21  **IV.     Amending the Complaint**

22       As stated above, the amended complaint states a claim against Vovkulin, but fails to state

23  a cognizable claim against Costa.  Accordingly, plaintiff will be given the option to proceed with

24  the complaint as screened or to file an amended complaint.

25       Plaintiff is advised that in an amended complaint he must clearly identify each defendant

26  and the action that defendant took that violated his constitutional rights.  The court is not required

27  to review exhibits to determine what plaintiff's charging allegations are as to each named

28  defendant.  Each claim must be included in the body of the complaint.  The charging allegations

                                                  6

1   must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff

2   is presenting.  That said, plaintiff need not provide every detailed fact in support of his claims.

3   Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

4         Any amended complaint must show the federal court has jurisdiction, the action is brought

5   in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

6   contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

7   personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

8   Johnson, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if

9   he does an act, participates in another's act or omits to perform an act he is legally required to do

10  that causes the alleged deprivation).

11        In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

12  R. Civ. P 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

13  R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

14  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

15        The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

16  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

17  heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

18  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

19  set forth in short and plain terms, simply, concisely, and directly.  See Swierkiewicz v. Sorema

20  N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

21  which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

22        Plaintiff is informed that the court cannot refer to a prior pleading in order to make his

23  amended complaint complete.  An amended complaint must be complete in itself without

24  reference to any prior pleading.  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all

25  prior pleadings are superseded.  Therefore, in an amended complaint, as in an original complaint,

26  each claim and the involvement of each defendant must be sufficiently alleged.

27  ////

28  ////

1    By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and

2 has evidentiary support for his allegations, and for violation of this rule the court may impose

3 sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

4                                                    **CONCLUSION**

5    1.  Plaintiff's second amended complaint (ECF No. 12) states a potentially cognizable

6         claim against defendant Vovkulin as set forth in Section III above.  The complaint

7         does not contain any additional potentially cognizable claims.  Accordingly, plaintiff

8         will have the option of proceeding with the complaint as screened or filing an

9         amended complaint.

10   2.  Within thirty (30) days of the date of this order, plaintiff shall fill out and return the

11        attached form indicating how he would like to proceed in this action.

12   3.  Failure to comply with this order will result in a recommendation that this action be

13        dismissed.

14 Dated:  April 19, 2021

15

16

17                                            DEBORAH BARNES
                                              UNITED STATES MAGISTRATE JUDGE
18

19

20

21
DB:12
22 DB:1/Orders/Prisoner/CivilRights/blac1755.scrn3

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY KARL BLACKWELL, | No.  2:20-cv-1755 DB P |
| Plaintiff, | |
| v. | PLAINTIFF'S NOTICE ON HOW TO PROCEED |
| PATRICK COVELLO, Warden, et al., | |
| Defendants. | |

Check one:

\_\_\_\_\_   Plaintiff wants to proceed immediately on his Eighth Amendment claim against

defendants Vovkulin.  Plaintiff understands that by going forward without amending the

complaint he is voluntarily dismissing all other claims and defendants.


\_\_\_\_\_   Plaintiff wants to amend the complaint.


DATED:_____

_____
Rodney Karl Blackwell
Plaintiff pro se