1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RODNEY KARL BLACKWELL,                    No.  2:20-cv-1755 DB P

12                  Plaintiff,

13          v.                                  ORDER AND FINDINGS AND
                                                RECOMMENDATIONS
14    PATRICK COVELLO, Warden, et al.,

15                  Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18    U.S.C. § 1983.  Plaintiff claims defendants have failed to provide a safe prison environment in

19    violation of his Eighth Amendment rights.  Presently before the court is defendant's motion to

20    revoke plaintiff's in forma pauperis ("IFP") status.  (ECF No. 27.)  For the reasons set forth

21    below, the court will recommend that the motion be granted.

22                                  **BACKGROUND**

23          Plaintiff initiated this action with the filing of the original complaint.  (ECF No. 1.)  The

24    court screened and dismissed the original complaint for failure to state a claim.  (ECF No. 6.)

25    Thereafter, plaintiff filed a first amended complaint.  (ECF No. 9.)  The court dismissed the

26    amended complaint for failure to state a claim.  (ECF No. 10.)

27          Plaintiff filed a second amended complaint.  (ECF No. 12.)  The court determined that the

28    second amended complaint stated a potentially cognizable Eighth Amendment claim against

                                                1

1  defendant Vovkulin but failed to state any other claims.  (ECF No. 13.)  Plaintiff was given the

2  option to proceed with his claim against Vovkulin or file an amended complaint.  (Id.)  Plaintiff

3  elected to proceed with the complaint as screened, voluntarily dismissing all other claims.  (ECF

4  No. 14.)

5       After Vovkulin was served, this action was referred to the court's early ADR (Alternative

6  Dispute Resolution) project.  (ECF No. 21.)  Defendant moved to opt out of the ADR project.

7  (ECF No. 25.)  The motion was granted, and defendant was directed to file a response to the

8  complaint within thirty days.  (ECF No. 26.)  Thereafter, defendant filed the instant motion to

9  revoke plaintiff's in forma pauperis status.  (ECF No. 27.)  Plaintiff has filed an opposition (ECF

10  No. 28) and defendant filed a reply (ECF No. 29).

11                                **MOTION TO REVOKE IFP STATUS**

12       Defendant argues that plaintiff should be prohibited from proceeding in forma pauperis

13  because he has had at least three actions dismissed for failure to state a claim and he was not in

14  imminent danger at the time he filed the complaint.  (ECF No. 27.)  Plaintiff argues that some of

15  the cases cited by defendants should not count as strikes because they were dismissed when the

16  court declined to exercise supplemental jurisdiction over his state law claims and he meets the

17  imminent danger exception.  (ECF No. 28.)

18  **I.     In Forma Pauperis Statute**

19       Title 28 U.S.C. § 1915(g) is part of the Prison Litigation Reform Act (PLRA).  The PLRA

20  was intended to eliminate frivolous lawsuits, and its main purpose was to address the

21  overwhelming number of prisoner lawsuits.  Cano v. Taylor, 739 F.3d 1214, 1219 (9th Cir. 2014).

22  Section 1915(g) provides:

23
24
25
26

> In no event shall a prisoner bring a civil action or appeal a judgment
> in a civil action or proceeding under this section if the prisoner has,
> on 3 or more prior occasions, while incarcerated or detained in any
> facility, brought an action or appeal in a court of the United States
> that was dismissed on the grounds that it is frivolous, malicious, or
> fails to state a claim upon which relief may be granted, unless the
> prisoner is under imminent danger of serious physical injury.

27       The plain language of the statute makes clear that a prisoner is precluded from bringing a

28  civil action or an appeal in forma pauperis if the prisoner has previously brought three frivolous

1   actions or appeals (or any combination thereof totaling three).  See Rodriguez v. Cook, 169 F.3d

2   1176, 1178 (9th Cir. 1999).  Section 1915(g) should be used to deny a prisoner's IFP status "only

3   when, after careful evaluation of the order dismissing [each] action, and other relevant

4   information, the district court determines that [each] action was dismissed because it was

5   frivolous, malicious or failed to state a claim."  Andrews v. King, 398 F.3d 1113, 1121 (9th Cir.

6   2005); see also Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (To determine whether a

7   dismissal qualifies as a strike, a "reviewing court looks to the dismissing court's action and the

8   reasons underlying it.").  A dismissal qualifies as a strike only where the entire action was

9   dismissed for a qualifying reason under the PLRA.  Washington v. Los Angeles County Sheriff's

10  Dep't, 833 F.3d 1048, 1055, 1057 (9th Cir. 2016) (citing Andrews v. Cervantes, 493 F.3d 1047,

11  1054 (9th Cir. 2007)).  A denial of a plaintiff's application to proceed IFP is a dismissal for

12  purposes of § 1915(g).  O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).  When an appellate

13  court denies a plaintiff's request to proceed IFP, the denial is also a dismissal for purposes of §

14  1915(g).  Knapp v. Hogan, 738 F.3d 1106, 1110 (9th Cir. 2013).  This applies even if the

15  appellate court relies on a district court's representation that the plaintiff's appeal was not taken in

16  good faith to deny plaintiff's request to proceed IFP.  Id.  The denial of IFP status by an appellate

17  court counts as a dismissal for purposes of § 1915(g) even if the case is eventually dismissed for

18  other reasons.  Richey v. Dahne, 807 F.3d 1202, 1208 (9th Cir. 2015).

19          This "three strikes rule" was part of "a variety of reforms designed to filter out the bad

20  claims [filed by prisoners] and facilitate consideration of the good."  Coleman v. Tollefson, 135

21  S. Ct. 1759, 1762 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007)).  If a prisoner has

22  "three strikes" under § 1915(g), the prisoner is barred from proceeding IFP unless he meets the

23  exception for imminent danger of serious physical injury.  See Andrews v. Cervantes, 493 F.3d at

24  1052.  To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege

25  that the prisoner was faced with imminent danger of serious physical injury at the time his

26  complaint was filed.  See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews v.

27  Cervantes, 493 F.3d at 1055.

28  ////

3

Defendants have the burden to "produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions that were dismissed because they were 'frivolous, malicious or fail[ed] to state a claim.'"  Andrews v. King, 398 F.3d at 1120 (quoting § 1915(g)).  Once a defendant meets their initial burden, it is plaintiff's burden to explain why a prior dismissal should not count as a strike.  Id.  If the plaintiff fails to meet that burden, plaintiff's IFP status should be revoked under 28 U.S.C. § 1915(g).  Id.

**II.  Analysis**

### A. Do the Cases Cited by Defendants Qualify as Strikes?

#### 1. Blackwell v. York, No. 2:08-CV-05750-UA-AGR (C.D. Cal.) ("York")

In York, plaintiff alleged a superior court clerk violated his rights when she failed to file a notice of appeal from conviction.  (Ex. 1 to Defendant's Request for Judicial Notice (ECF No. 27-2) at 5.)[1]  This action was dismissed for failure to state a claim with the court stating that the complaint failed to state a claim because the sole defendant was immune from damages for civil rights violations.  (Id.)  Dismissal for failure to state a claim counts as a strike under the PLRA's three strikes rule.  Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1727 (2020).  Accordingly, York qualifies a strike under § 1915(g).

#### 2. Blackwell v. Glick, No. 2:08-CV-00791-UA-AGP (C.D. Cal.) ("Glick")

The United States District Court for the Central District of California dismissed Glick for failure to state a claim.  (Ex. 2 to Defendant's Request for Judicial Notice (ECF No. 27-2) at 76-77.)  The court found that plaintiff's allegation, that a state official used his position to influence a state court judgment, was not cognizable in a § 1983 action because it did not allege violation of a right secured by the Constitution or laws of the United States.  (Id.)  As set forth above, dismissal for failure to state a claim counts as a strike.  Lomax, 140 S. Ct. at 1727.  Thus, Glick counts as a strike under § 1915(g).

---

[1] Defendant requests that the court take judicial notice of the records and decisions from the prior cases discussed herein.  (ECF No. 27-2 at 1.)  This court may consider plaintiff's litigation history because it is a matter of public record that is not subject to dispute.  Fed. R. Evid. § 201; see also MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).  Therefore, the court will grant defendant's request for judicial notice.

1       **3.  Blackwell v. Peabody, No. 99-15342 (9th Cir.) ("Peabody")**

2           In Peabody, the Ninth Circuit Court of Appeals determined the appeal was not taken in

3       good faith, revoked plaintiff's in forma pauperis status, and warned him that failure to pay the

4       filing fee would result in dismissal of his appeal.  (Ex. 3 to Defendant's Request for Judicial

5       Notice (ECF No. 27-2) at 156-57.)  The Ninth Circuit later dismissed the appeal for failure to

6       prosecute because plaintiff failed to pay the filing fee within the time provided.  (Id. at 158.)  The

7       denial of IFP status by an appellate court counts as dismissal for purposes of § 1915(g) even if the

8       case is eventually dismissed for failure to pay the filing fee.  Richey, 807 F.3d at 1208.

9       Accordingly, Peabody counts as a strike under § 1915(g).

10          **4.  Blackwell v. Roe, No. 97-56501 (9th Cir.) ("Roe")**

11          The Ninth Circuit determined that plaintiff's appeal in Roe was not taken in good faith,

12      therefore he was not entitled to in forma pauperis status on appeal, and ultimately dismissed the

13      appeal after plaintiff failed to pay the filing fee.  (Ex. 4 to Defendant's Request for Judicial Notice

14      (ECF No. 27-2) at 160-61.)  Thus, Roe also counts as a strike under § 1915(g).  Richey, 807 F.3d

15      at 1208.

16          **B.  Imminent Danger**

17          Because the court has determined that plaintiff has accrued three strikes prior to the filing

18      of this action, the court must assess whether he was "under imminent danger of serious physical

19      injury" at the time he filed the instant action.  28 U.S.C. § 1915(g).

20          The availability of the imminent danger exception turns on the conditions a prisoner faced

21      at the time the complaint was filed, not at some earlier or later time.  See Andrews, 493 F.3d at

22      1053.  "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as

23      overly speculative or fanciful."  Id. at 1057 n.11.  Imminent danger of serious physical injury

24      must be a real, present threat, not merely speculative or hypothetical.  To meet this burden under

25      § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or

26      a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  Martin v.

27      Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).  "Vague and utterly conclusory assertions" of harm

28      are insufficient.  White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998).  That is, the

1    "imminent danger" exception is available "for genuine emergencies," where "time is pressing"

2    and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

3            Defendant argues that the operative[2] complaint, filed on March 31, 2021, fails to show

4    that plaintiff was in imminent danger. (ECF No. 27 at 5.)  Defendant argues that plaintiff alleged

5    in the complaint that defendant searched plaintiff's cell on November 21, 2020 without a mask

6    covering his face.  However, when plaintiff filed the operative complaint months later, he did not

7    allege that he was under threat of harm.

8            In the opposition, plaintiff argues that his IFP status should not be revoked because he was

9    in imminent danger when he filed the complaint.  (ECF No. 28.)  In support of his argument he

10   alleges that prison officials failed to prevent the spread of COVID-19 in the prison.  The

11   allegations contained in the original complaint stated that Mule Creek State Prison warden could

12   not keep inmates safe in light of the COVID-19 pandemic and efforts to mitigate the spread had

13   not been effective. (ECF No. 1 at 12-13; 25-26.)

14           Generalized allegations regarding imminent danger are not sufficient to meet the standard

15   set forth in §1915(g).  See Alkebu-Lan v. Hazelwood, No. 21-cv-6063 JST, 2002 WL 19317, at

16   *4 (N.D. Cal. Jan. 3, 2022) ("general claim that being imprisoned placed him at higher risk for

17   serious physical injury does not reasonably allege imminent danger").  Additionally, other courts

18   in this district have found conclusory concerns about contracting COVID-19 do not amount to a

19   plausible allegation of imminent danger.  See Ray v. Sullivan, No. 1:20-cv-1699 NONE HBK,

20   2021 WL 2229328, at *3 (E.D. Cal. June 2, 2021) (general allegations that prison conditions put

21   plaintiff at risk of contracting COVID-19 failed meet imminent danger exception); Anderson v.

22   Doe, No. 1:20-cv-1620 SAB (PC), 2020 WL 7651978, at *2 (E.D. Cal. Nov. 19, 2020), report

23   and recommendation adopted, 2020 WL 7383644 (E.D. Cal. Dec. 16, 2020) (plaintiff failed to

24   show he was in imminent danger where the prison was taking reasonable measures to mitigate

25

26   [2] "Imminent danger is measured at the commencement of the action, and is not reevaluated based
     on allegations in an amended complaint." Merino v. Gomez, No. 2:21-cv-0572 JAM KJN P,

27   2021 WL 4988875 at *3 (E.D. Cal. Oct. 27, 2021) (citing Bradford v. Usher, No. 1:17-cv-1128
     DAD SAB, 2019 WL 4316899 at *4 (E.D. Cal. Sept. 12, 2019) and Simmons v. Wuerth, No.

28   1:19-cv-1107 DAD SAB (PC), 2020 WL 1621368, at *1 (E.D. Cal. Apr. 2, 2020)).

1  spread of COVID-19).  The court finds that the generalized concerns about prison officials'

2  failure to control the spread of COVID-19 set forth in the original complaint fail to show that

3  plaintiff was in imminent danger.

### C.  Plaintiff's IFP Status Should be Revoked

5  Because the undersigned has determined that plaintiff incurred at least three strikes prior

6  to filing the instant action and that he was not in imminent danger when he filed the complaint, it

7  will recommend that his in forma pauperis status be revoked.

### CONCLUSION

9  For the foregoing reasons, the Clerk of the Court is ORDERED to randomly assign this

10  action to a United States District Judge.

11  IT IS HEREBY RECOMMENDED that:

12  1.  Defendant's motion to revoke plaintiff's IFP status (ECF No. 27) be granted; and

13  2.  Plaintiff be directed to pay the filing fee for this action ($402.00) in full or face

14  dismissal of this action.

15  These findings and recommendations will be submitted to the United States District Judge

16  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty days

17  after being served with these findings and recommendations, any party may file written

18  objections with the court and serve a copy on all parties.  The documents should be captioned

19  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

20  objections shall be filed and served within seven days after service of the objections.  The parties

21  are advised that failure to file objections within the specified time may result in a waiver of the

22  right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23  Dated: January 11, 2022

26  DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

28  DB:12
DB/DB Prisoner Inbox/CivilRights/S/blac1755.revoke.ifp fr