UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY KARL BLACKWELL, | No. 2:20-cv-1755 KJM DB P |
| Plaintiff, | |
| v. | ORDER |
| PATRICK COVELLO, Warden, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants have failed to provide a safe prison environment in violation of his Eighth Amendment rights. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 12, 2022, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. (ECF No. 31.) Neither party has filed objections to the findings and recommendations.[1]

/////

---

[1] On April 11, 2022, plaintiff filed a motion for extension of time to file objections to the findings and recommendations. ECF No. 31. On April 19, 2022, the magistrate judge denied the motion without prejudice to its renewal that included an explanation why the extension had not been sought within the initial time period for filing objections. ECF No. 33 at 2. Plaintiff did not renew the motion.

1

1  The court presumes that any findings of fact are correct. *See Orand v. United States*,
2  602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed
3  de novo. *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) ("[D]eterminations of law
4  by the magistrate judge are reviewed de novo by both the district court and [the appellate] court
5  . . . .").

6  The magistrate judge recommends granting defendants' motion to revoke plaintiff's in
7  forma pauperis status as barred by 28 U.S.C. § 1915(g). *See generally* F&Rs, ECF No. 31. The
8  court agrees with the magistrate judge's finding that plaintiff has four "strikes" within the
9  meaning of 28 U.S.C. § 1915(g). *Id*. at 4–5. The court does not, however, agree with the
10 magistrate judge's finding that plaintiff did not sufficiently allege "he was 'under imminent
11 danger of serious physical injury' at the time he filed the instant action." *Id*. at 5 (citing
12 28 U.S.C. § 1915(g)).

13 As the magistrate judge correctly finds, the court assesses the threat of imminent danger
14 based on conditions when the original complaint was filed. *Id.* (collecting authority); *see also*
15 *Andrews v. Cervantes*, 483 F.3d 1047, 1053–55 (9th Cir. 2007). Plaintiff's complaint was filed
16 August 31, 2020. As the magistrate judge found in an order screening the original complaint,

> Plaintiff alleges the events giving rise to the claim occurred while he was incarcerated at Mule Creek State Prison ("MCSP"). (ECF No. 1 at 1.) He has identified MCSP Warden Covello and the California Department of Corrections and Rehabilitation ("CDCR") as defendants in this action. (*Id.* at 2.)
>
> Plaintiff claims that the CDCR and warden Covello have failed to provide a safe prison environment in light of the COVID-19 pandemic. Plaintiff alleges he is particularly vulnerable because he is sixty years old and suffers from diabetes, kidney failure, and high blood pressure. (*Id.* at 12–13.) He claims that because he suffers from these medical conditions he should be released immediately. He further claims that defendants have not done enough to mitigate the overcrowding in California prisons and have housed infected inmates around non-infected inmates. He alleges defendants have "chose to do nothing when the Governor ordered the release of mass amounts of inmates." (*Id.* at 13.) Plaintiff seeks injunctive relief in the form of immediate early release or monetary compensation. (*Id.* at 15.)

27 ECF No. 6 at 3-4.
28 /////

In a January 4, 2021 order dismissing the original complaint with leave to amend, the magistrate judge took "judicial notice of materials on CDCR's website that show CDCR's response to the pandemic." *Id*. at 5 (citing the CDCR's website[2]). The contents of those materials are not subject to judicial notice. A court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The particulars of the CDCR's response to the COVID-19 pandemic are not "generally known." Nor can those particulars be accurately and readily determined from a source of unquestionable accuracy. It may be possible to take judicial notice of the website's existence as establishing that the CDCR's has made certain public claims, but those claims do not conclusively establish what the CDCR's policy actually is or was.

In addition, even if the court were to assume the CDCR had a policy in place, it would remain unclear whether and when those mitigation measures were put in place at Mule Creek. The CDCR has also posted a timeline of information and updates on COVID-19 in CDCR prisons on its website.[3] In that timeline, CDCR represents that by August 2020, CDCR and California's governor had issued several directives aimed at mitigating the impact of the COVID-19 pandemic in California's prisons. As discussed in the preceding paragraph, it may be possible to take judicial notice of the existence of this timeline as establishing that CDCR has made certain public claims regarding its response to the COVID-19 pandemic. Even assuming the court does so, however, in the original complaint dated August 27, 2020, plaintiff alleges defendants were (1) continuing to house COVID-19 positive inmates at Mule Creek with non-infected inmates and (2) exposing non-infected inmates to risk of COVID-19 infection through inadequate food tray sanitation, "yard activities, trash, water fountains, and air ventilation ducts." ECF No. 1 at 13. Liberally construed, these allegations suggest Mule Creek was not complying with the CDCR's directives—assuming, again, that the website depicted those directives accurately.

---

[2] https://www.cdcr.ca.gov/covid19/covid-19-response-efforts/#CFC.

[3] https://www.cdcr.ca.gov/covid19/updates/.

In combination with plaintiff's allegations of his multiple medical conditions, these allegations suffice to demonstrate a threat of imminent danger at the time the complaint was filed. *See Andrews*, 493 F.3 at 1056–57; *cf. Zepeda Rivas v. Jennings*, 845 F. App'x 530, 534 (9th Cir. 2021) (unpublished) (affirming temporary restraining order on Fifth Amendment claim by immigration detainees because "COVID-19 posed grave health risks, the crowded detention facilities were a 'tinderbox' for COVID-19 transmission, and COVID-19 posed a serious health-risk to all detainees—not only those in high-risk categories" and because "the government had only recently taken modest measures in response to the pandemic and that social distancing was still impossible for most detainees.").

The magistrate judge therefore erred in concluding that plaintiff did not adequately allege a threat of imminent danger at the time the complaint was filed. Accordingly, the court declines to adopt the finding that plaintiff failed to adequately allege a threat of imminent harm at the time the complaint was filed and the recommendation that his in forma pauperis status be revoked.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed January 12, 2022, are adopted in part to the extent they are consistent with this order;

2. Defendants' motion to revoke plaintiff's in forma pauperis status (ECF No. 27) is denied; and

3. This matter is referred back to the assigned magistrate judge for all further pretrial proceedings, consistent with this order.

DATED: September 6, 2022.

CHIEF UNITED STATES DISTRICT JUDGE