UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY KARL BLACKWELL, | No. 2:20-cv-1755 DJC SCR P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| V. VOVKULIN, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. §1983.  Presently before the court are the parties' motions for summary judgment.  (ECF Nos. 50, 53.)  For the reasons set forth below, the undersigned recommends that defendant's motion be granted and plaintiff's motion be denied.

## BACKGROUND

**I.   Relevant Procedural History**

This case is proceeding on plaintiff's second amended complaint filed March 31, 2021.  (ECF No. 12.)  On screening, the court found plaintiff stated a cognizable Eighth Amendment claim against defendant Vovkulin but stated no other claims.  Plaintiff was given the choice of proceeding on this Eighth Amendment claim or filing a third amended complaint.  (ECF No. 13.)  Plaintiff opted to proceed on his Eighth Amendment claim against Vovkulin and dismissed the other claims and defendants.  (ECF No. 14.)

1

On March 29, 2024, plaintiff filed the present motion for summary judgment and a request for judicial notice. (ECF No. 50.) In response, defendant filed a cross-motion for summary judgment, an opposition to plaintiff's request for judicial notice, and a request for judicial notice. (ECF Nos. 53, 54, 55.) Plaintiff filed an opposition to defendant's summary judgment motion (ECF No. 61) and defendant filed a reply (ECF No. 62).

**II.    Allegations in the Second Amended Complaint**

Plaintiff alleges defendant V. Vovkulin, a correctional officer at Mule Creek State Prison ("MCSP"), exposed him to Covid-19 which resulted in plaintiff's contracting Covid-19 and suffering significant illness. Specifically, plaintiff contends Vovkulin came into plaintiff's cell on November 20, 2020 to talk with plaintiff's cellmate. Vovkulin was not wearing his face mask properly. Plaintiff told Vovkulin he could be positive for Covid-19 and that plaintiff has a number of serious health conditions that could be worsened by contracting Covid-19. Vovkulin told plaintiff he had been tested three times in the prior two weeks so he could not be positive. Vovkulin then took plaintiff's cellmate outside the cell to talk with him. (ECF No. 12 at 14.) On November 21, 2020, Vovkulin and another officer searched plaintiff's cell. Plaintiff was not present in his cell at the time. Vovkulin did not wear a mask during the search. (ECF No. 12 at 14.)

Vovkulin did not work from December 1, 2020 to January 22, 2021.[1] On December 12, 2020, plaintiff tested positive for Covid-19. Plaintiff contends Vovkulin "knew he must have had Covid-19" and intentionally failed to wear his mask in order to expose plaintiff to Covid-19. (ECF No. 12 at 14, 15-16.)

////
////
////
////

---

[1] Plaintiff identifies the date defendant returned as "January 22, 2020" in his second amended complaint. In his motion for summary judgment, plaintiff identifies the date as January 22, 2021. (ECF No. 50 at 3.)

2

# MOTIONS FOR SUMMARY JUDGMENT

## I.  Summaries

### A.  Plaintiff's Motion

In his motion, plaintiff essentially identifies all the facts he alleges in his second amended complaint as undisputed facts. (See ECF No. 50 at 8-10.) In addition, plaintiff contends it is undisputed that defendant was positive for Covid-19 when he came to work on December 4, 2020. (Id. at 9.) Plaintiff claims he became very sick in the beginning of December 2020 and tested positive for Covid-19 on December 12. (Id. at 5.) Plaintiff argues he must have contracted Covid-19 from defendant because he "had been taking all precautions to ensure he did not catch COVID-19, and he had no celly." (Id. at 3.)

### B.  Defendant's Motion

Defendant primarily argues that plaintiff fails to establish causation or show that causation is a genuine issue of fact. (ECF No. 53-1 at 7-9.) Defendant further argues that plaintiff fails to provide support for his allegation defendant knew he had Covid-19 and intended to infect plaintiff by refusing to wear his mask properly and that he is entitled to qualified immunity. (Id. at 9-12.)

## II.  Summary Judgment Standards Under Rule 56

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "initially bears the burden of proving the absence of a genuine issue of material fact." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or by showing that such materials "do not establish the . . . presence of a genuine dispute, or that the adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B). To meet its initial burden, "the moving party need only prove that there is an absence of evidence to support the nonmoving party's case." Oracle Corp., 627 F.3d at 387

1  (citing Celotex, 477 U.S. at 325.); see also Fed. R. Civ. P. 56(c)(1)(B).  Indeed, summary
2  judgment should be entered, after adequate time for discovery and upon motion, against a party
3  who fails to make a showing sufficient to establish the existence of an element essential to that
4  party's case.  See Celotex, 477 U.S. at 322.  "[A] complete failure of proof concerning an
5  essential element of the nonmoving party's case necessarily renders all other facts immaterial."
6  Id.
7      By contrast,

> "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case."

12  Miller v. Glenn Miller Prods., Inc., 454 F.3d 975, 987 (9th Cir. 2006) (quoting C.A.R. Transp.
13  Brokerage Co. v. Darden Rests., Inc., 213 F.3d 474, 480 (9th Cir. 2000)).
14      If the moving party meets its initial burden, the burden then shifts to the opposing party to
15  establish that a genuine issue as to any material fact actually does exist.  See Matsushita Elec.
16  Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the
17  existence of this factual dispute, the opposing party may not rely upon the allegations or denials
18  of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or
19  admissible discovery material, in support of its contention that the dispute exists.  See Fed. R.
20  Civ. P. 56(c)(1); Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the
21  fact in contention is material, i.e., a fact that might affect the outcome of the suit under the
22  governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc.
23  v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is
24  genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving
25  party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).
26      In the endeavor to establish the existence of a factual dispute, the opposing party need not
27  establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual
28  dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at

1   trial." T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce

2   the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"

3   Matsushita, 475 U.S. at 587 (citations omitted).

4       "In evaluating the evidence to determine whether there is a genuine issue of fact," the

5   court draws "all reasonable inferences supported by the evidence in favor of the non-moving

6   party." Walls v. Central Costa County Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011).  It is the

7   opposing party's obligation to produce a factual predicate from which the inference may be

8   drawn.  See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985),

9   aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing

10  party "must do more than simply show that there is some metaphysical doubt as to the material

11  facts . . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the

12  nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation

13  omitted).

14  **III.   Discussion**

15      To demonstrate that he is entitled to summary judgment, plaintiff must the establish "the

16  absence of a genuine issue of fact on each issue material to [his] case." Miller, 454 F.3d at 987.

17  To satisfy his initial burden on summary judgment, defendant must demonstrate there is an

18  absence of evidence to support plaintiff's case. Oracle Corp., 627 F.3d at 387.  To successfully

19  oppose defendant's motion, plaintiff must show there is a genuine issue of material fact.[2]

20  Matsushita, 475 U.S. at 586.  Defendant argues plaintiff fails to present evidence that defendant

21  did, in fact, have Covid-19 on November 20 and/or 21.  Absent that evidence, plaintiff cannot

22  support his contention that defendant's actions caused plaintiff to contract Covid-19.

23      "'In a § 1983 action, the plaintiff must ... demonstrate that the defendant's conduct was the

24  actionable cause of the claimed injury.  To meet this causation requirement, the plaintiff must

---

[2] In his opposition to defendant's motion, plaintiff argues that a cross-motion for summary judgment is not permitted by Federal Rule of Civil Procedure 13.  Rule 13 governs counterclaims and crossclaims.  It does not address the propriety of a cross-motion for summary judgment.  No rule prevents defendant from filing, and the court from considering, a cross-motion for summary judgment.

5

establish both causation-in-fact and proximate causation.'" Bearchild v. Cobban, 947 F.3d 1130, 1150 (9th Cir. 2020) (quoting Harper v. City of L.A., 533 F.3d 1010, 1026 (9th Cir. 2008) (internal citations omitted)); see also Arnold v. I.B.M. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981) (a §1983 plaintiff must establish both actual and proximate causation). To establish that defendant's misconduct is the "cause-in-fact" of his injury, plaintiff must show that the "injury would not have occurred in the absence of the conduct." Spencer v. Peters, 857 F.3d 789, 798 (9th Cir. 2017). In other words, plaintiff must show that defendant's conduct is the "but-for" cause of plaintiff's injury. Reynaga Hernandez v. Skinner, 969 F.3d 930, 942 (9th Cir. 2020) (citing White v. Roper, 901 F.2d 1501, 1505–06 (9th Cir. 1990)). As explained below, the court finds that plaintiff fails to present competent evidence of causation to succeed on his motion or to oppose defendant's motion. On this basis, the court will recommend plaintiff's motion be denied and defendant's motion be granted. Based on this recommendation, this court need not, and does not, address whether plaintiff has established the objective and subjective components of an Eighth Amendment claim or whether defendant has shown he is entitled to qualified immunity.[3]

**A. Plaintiff's Motion**

Plaintiff can only succeed on his motion if he presents competent evidence showing that there is no genuine issue of fact with respect to each of the elements of his Eighth Amendment claim under §1983. To establish the causation required in a §1983 action, plaintiff must show that but for defendant's failure to properly wear a mask, plaintiff would not have contracted

---

[3] Prison officials have a duty to ensure prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citation omitted). To prevail on an Eighth Amendment claim of cruel and unusual punishment, a prisoner must allege and prove that he suffered a sufficiently serious deprivation and that prison officials acted with deliberate indifference in allowing or causing the deprivation to occur. Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). The deliberate indifference standard involves an objective and subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson, 501 U.S. at 298). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Id. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45.

1   Covid-19 in December 2020.  Defendant's conduct could only have caused plaintiff to contract

2   Covid-19 if defendant was infected with Covid-19 during the time at issue.  Plaintiff fails to

3   provide any competent evidence to support his contention that defendant had Covid-19 on

4   November 20 and/or 21, 2020.

5        Plaintiff identifies the following as undisputed facts:  (1) defendant "did not return to

6   work due to complications from Covid-19 until January 22, 2021," ECF No. 50 at 8; (2) "[A]s of

7   December 1, 2020, Vovkulin was supposed to return to work following his regular days off, but

8   he did not return until January 22, 2021." ECF No. 61 at 3; (3) "On December 4, 2020, Vovkulin

9   came to work infected with COVID-19 and the next day, plaintiff was told that Vovkulin had

10  tested positive for the virus." ECF No. 50 at 9.  Plaintiff also argues that the only way he could

11  have contracted Covid-19 was his exposure to defendant.

12       Plaintiff cites his declaration as supporting evidence for each fact.  In that declaration,

13  plaintiff simply states that the "foregoing evidence is true and correct to the best of my

14  knowledge."  (ECF No. 50 at 12.)  Plaintiff fails to show he has personal knowledge that

15  Vovkulin was infected with Covid-19 on November 20 and/or 21.  Nor does plaintiff present the

16  declaration of a witness with that personal knowledge or any documentary evidence.  The only

17  competent evidence before the court that Vovkulin was infected with Covid-19 is Vovkulin's

18  declaration that he tested positive on December 8, 2020.  (ECF No. 53-7 at 3.)  There is no

19  evidence that Vovkulin's positive test on December 8 establishes that he had Covid-19 eighteen

20  or nineteen days earlier when plaintiff claims to have been exposed to the virus by Vovkulin.

21       Plaintiff also asks the court to take judicial notice of other inmates' complaints against

22  Vovkulin, which he identifies as evidence.[4]  (ECF No. 50 at 13.)  Because the dockets of these

---

[4] Plaintiff also requests that the court take judicial notice of a document he contends describes defendant's job duties.  (ECF No. 50 at 13, 17-20.)  Defendant opposes the request arguing that the document is unauthenticated and irrelevant.  (ECF No. 54 at 2.)  The court agrees that the document is not relevant to consideration of the parties' motions.  There is no dispute that CDCR rules required the prison to test staff weekly, perform temperature checks and screening for Covid-19 related symptoms on all staff members prior to entering any prison, and refer any staff member who had symptoms to nursing.  (See Def.'s Stmt. of Undisputed Facts (ECF No. 53-3 at 3-4).)  In addition, it is not disputed that defendant was required to isolate at home if he tested positive for Covid-19 and to properly wear a mask when he was inside the prison.  (Id.; Def.'s

cases are a matter of public record, this court will take judicial notice of the documents in those cases. Fed. R. Evid. 201.  Plaintiff attaches a list of three[5] other cases filed against Vovkulin: Cuentas v. Covello, 2:21-cv-0252 DAD KJN P (E.D. Cal.); Heim v. Vovkulin, 2:21-cv-1077 KJM AC P (E.D. Cal.); and Brown v. Vovkulin, 2:20-cv-2098 TLN CKD P (E.D. Cal.).  (ECF No. 50 at 15.)  None of these cases include evidence that might assist plaintiff in the present case.  The plaintiffs in Cuentas and Brown did not make any allegations regarding Vovkulin's failure to properly wear a mask or that Vovkulin had Covid-19 on the dates in question here.  Even if they did, both cases were dismissed prior to any evidentiary proceedings.  See Cuentas, 2:21-cv-0252 DAD KJN P (Oct. 4, 2022 Order; ECF No. 25 (dismissing case for failure to prosecute)); Brown, 2:20-cv-2098 TLN CKD P (parties stipulated to voluntary dismissal on January 26, 2022; ECF Nos. 27, 28.)

The plaintiff in Heim did allege that Vovkulin failed to properly wear a mask when he was positive for Covid-19 and infected the plaintiff.  In fact, the allegations in Heim are largely identical to those made by plaintiff in the present case.  However, the case never progressed beyond the screening stage and was dismissed for the plaintiff's failure to prosecute.  Heim v. Vovkulin, 2022 WL 3578621 (E.D. Cal. Aug. 19, 2022).  The plaintiff's allegations in Heim are not evidence.  Nothing presented in Heim provides competent evidentiary support for plaintiff's contentions in the present case.  See Maghen v. Quicken Loans Inc., 94 F. Supp. 3d 1141, 1143 (C.D. Cal. 2015) ("While the Court may take judicial notice of complaints and briefs filed in another case to determine what issues were before that court, the Court does not rely on them in deciding this motion."), aff'd in part, dismissed in part on other grounds, 680 F. App'x 554 (9th Cir. 2017).

Because plaintiff fails to demonstrate that defendant caused plaintiff to contract Covid-19 in December 2020, plaintiff's motion for summary judgment should be denied.  For the same

---

Decl., ECF No. 53-7 at 2.)  Defendant's request for judicial notice of court orders and documents from the website of the Centers for Disease Control relating to the CDCR rules (ECF No. 55) will be granted.  Fed. R. Evid. 201.

[5] Plaintiff lists four case names.  However, two are the same case – Cuentas v. Covello, 2:21-cv-0252 DAD KJN P.  Defendant in the present case was also named as a defendant in 2:21-cv-0252.

reasons, defendant's motion should be granted.

### B. Defendant's Motion

In considering defendant's motion, the court draws supported factual inferences in the light most favorable to plaintiff. Walls, 653 F.3d at 966. Here, this court will assume, for purposes of defendant's motion, that the following disputed facts favor plaintiff: (1) defendant entered plaintiff's cell to talk with plaintiff's cellmate on November 20; (2) defendant failed to cover his mouth with a mask when he was in the cell; and (3) defendant failed to cover his mouth with a mask when he searched plaintiff's cell on November 21. The court cannot, however, draw an inference that defendant had Covid-19 on November 20 and/or 21. The court may only draw inferences where there is some evidentiary support. Plaintiff does nothing more than speculate that defendant had Covid-19 on November 20 and/or 21, 2020. Plaintiff provides no evidence to support that speculation. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp., 477 U.S. at 322.

Defendant's declaration that he had not tested positive for Covid-19 on November 20 and/or 21 and that he did not have symptoms of Covid-19 on those dates is uncontroverted. (ECF No. 53-7 at 3.) Defendant's sworn statement that he tested positive on December 8 is supported by a copy of his request to take sick leave from December 8 to December 18, 2020 because he had Covid-19. (Id. at 5.) This evidence satisfies defendant's initial burden of demonstrating that he did not cause plaintiff to contract Covid-19. The burden then shifts to plaintiff to present specific facts that show a genuine issue of a material fact. See Fed R. Civ. P. 56(e); Matsushita, 475 U.S. at 586.

For the reasons set forth above, plaintiff fails to show there is a genuine issue of fact on the issue of causation. To establish the existence of this factual dispute, plaintiff may not rely upon the unsupported allegations in his pleadings. Rather, plaintiff must present evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of his contention that the dispute exists. See Fed. R. Civ. P. 56(c)(1); Matsushita, 475 U.S. at 586 n.11. Plaintiff presents no competent evidence to show defendant was infected with Covid-19 on

November 20 and/or 21, 2020.

Plaintiff had the opportunity to conduct discovery and gather evidence to support his claim against defendant. Both the court and defendant provided plaintiff with notice, called a "Rand Notice," that to oppose a motion for summary judgment he must submit evidence to support his claims. (See ECF No. 38 at 9; ECF No. 53-2.) The Rand Notice told plaintiff that his sworn statements may be evidence if he has personal knowledge of the facts supporting those statements. Plaintiff fails to show he has personal knowledge that defendant was infected with Covid-19 on November 20 and/or 21, 2020. The Rand Notice also warned plaintiff that if he failed to provide evidence to contradict defendant's evidence, the court could grant defendant's motion for summary judgment. To succeed on his Eighth Amendment claim under § 1983, plaintiff must show defendant's conduct caused plaintiff's harm. Because plaintiff failed to submit evidence to counter defendant's evidence that he did not have Covid-19 on November 20 and/or 21, 2020, he cannot succeed on his claim. Summary judgment should be entered in defendant's favor.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that

1. Plaintiff's motion for judicial notice (ECF No. 50 at 13) is granted in part and denied in part as described above; and
2. Defendant's motion for judicial notice (ECF No. 55) is granted.

Further, IT IS RECOMMENDED that

1. Defendants' motion for summary judgment (ECF No. 53) be granted; and
2. Plaintiff's motion for summary judgment (ECF No. 50) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 4, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE